IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICHARD A. MONGEON,<br><br>　　　　Petitioner,<br><br>　　v.<br><br>JEANNE WOODRIFF, DIR. OF CORR.,<br><br>　　　　Respondent. | No. C 06-2520 JSW (PR)<br><br>**ORDER DISMISSING PETITION**<br><br>(Docket No. 3) |

Petitioner, a prisoner of the State of California, has filed a petition for a writ of mandamus, challenging his detention on a parole revocation sentence. Petitioner has also filed a motion seeking to proceed in forma pauperis (docket no. 3).

### BACKGROUND

Petitioner contends that mandamus is the proper vehicle by which to challenge the imposition of an 8 month sentence for a parole violation to which Petitioner pled guilty. Petitioner argues that, due to the violation of certain state statutes and regulations regarding parole violations, he should be immediately released from custody.

### ANALYSIS

I   Standard of Review

Federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint "is frivolous, malicious, or

fails to state a claim upon which relief may be granted," or "seeks monetary relief from a defendant who is immune from such relief." *Id.* § 1915A(b).  Pro se pleadings must be liberally construed, however. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

II    Legal Claims

Plaintiff seeks release from custody on a state parole violation based on the violation of state statutes and regulations.  However, this Court has no authority to take the actions requested by Plaintiff by way of a writ of mandamus.

Federal district courts are without power to issue mandamus to direct state courts, state judicial officers, or other state officials in the performance of their duties.  A petition for a writ of mandamus to compel a state court or official to take or refrain from some action is frivolous as a matter of law. *See Demos v. U.S. District Court*, 925 F.2d 1160, 1161-62 (9th Cir. 1991) (imposing no filing in forma pauperis order); *Clark v. Washington*, 366 F.2d 678, 681 (9th Cir. 1966) (attorney contested disbarment and sought reinstatement); *Dunlap v. Corbin*, 532 F. Supp. 183, 187 (D. Ariz. 1981) (plaintiff sought order from federal court directing state court to provide speedy trial), *aff'd without opinion*, 673 F.2d 1337 (9th Cir. 1982); *Newton v. Poindexter*, 578 F. Supp. 277, 279 (C.D. Cal. 1984) (§ 1361 has no application to state officers or employees); *see also, In re Campbell*, 264 F.3d 730, 731-32 (7th Cir. 2001) (denying petition for writ of mandamus that would order state trial court to give petitioner access to certain trial transcripts which he sought in preparation for filing state post-conviction petition; federal court may not, as a general rule, issue mandamus to a state judicial officer to control or interfere with state court litigation).  Plaintiff's mandamus remedy, if any, lies in state court.

## CONCLUSION

For the foregoing reasons, Plaintiff's action is DISMISSED for failure to state a claim upon which relief may be granted.  28 U.S.C. § 1915A.  Leave to proceed in

2

1 formal pauperis is DENIED as moot (docket no. 3) and no fee is due.  The Clerk of Court
2 shall enter judgment and close the file.
3     IT IS SO ORDERED.
4 DATED: <u>July 27, 2006</u>

6 _____
7 JEFFREY S. WHITE
United States District Judge

28     3